FILED

2007 Sep-28  PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION


| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | CIVIL ACTION #: |
| | ] | |
| | ] | COMPLAINT |
| SPECIALTY RESTAURANT DEVELOPMENT, LLC d/b/a/ GREEN HILLS GRILLE | ] | |
| | ] | |
| | ] | |
| | ] | |
| | ] | |
| | ] | |
| Defendant. | ] | JURY TRIAL DEMAND |
| _____ | ] | |


NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and

Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of

sex and retaliation, and to provide appropriate relief to Louise Nuar ("Ms. Nuar") the individual

aggrieved by those unlawful employment practices.

Plaintiff Equal Employment Opportunity Commission (the "Commission" or

"EEOC") alleges that Specialty Restaurant Development, LLC, d/b/a/ Green Hills Grille,

("Green Hills Grille"), discriminated against Ms. Nuar on the basis of sex (female) by making

sex an explicit or implicit term or condition of her employment and otherwise subjecting her to a

sexually hostile and intimidating work environment in violation of Section 703 (a)(1) of Title

VII.  The Commission further alleges that Defendant retaliated against Ms. Nuar by disciplining

and discharging her, in violation of Section 704(a) of Title VII, because she opposed behavior which she reasonably believed to be unlawful under Title VII.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to §§706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (f)(3) and §102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a (Title VII).

2.   The employment practices alleged to be unlawful herein were committed within the Northern District of Alabama, Northeastern Division.

## PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.   At all relevant times, Green Hills Grille has been a corporation incorporated in the State of Florida, continuously doing business in the State of Alabama, in the City of Huntsville, and continuously having at least fifteen (15) employees.

5.   At all relevant times, Defendant Green Hills Grille has continuously been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## CONCILIATION

6.  More than 30 days prior to the institution of this lawsuit, Ms. Nuar filed a charge of discrimination with the Commission alleging Title VII violations by the Defendant.

7.    Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged herein below, and to effect voluntary compliance with Title VII through the informal methods of conciliation, conference and persuasion within the meaning of §706(b) of Title VII, 42 U.S.C. §2000e-5.

8.    All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIM

9.    Since on or about March 2004, Defendant Employer engaged in unlawful employment practices at its Huntsville, Alabama facility in violation of §703 (a)(1) and §704(a) of Title VII, 42 U.S.C. §§2000e-2(a)(1) and 3(a).  Defendant Employer subjected Ms. Nuar, a food server at Defendant's facility, to a sexually hostile and intimidating work environment. Furthermore, Defendant disciplined and terminated Ms. Nuar in retaliation for her opposing the sexual misconduct, which she reasonably believed to be in violation of Title VII.   More specifically, another server subjected Ms. Nuar to unwanted and regular sexual comments, innuendo, propositions, physical exhibitions and physical touching. Defendant Nuar disciplined and terminated Ms. Nuar when she resisted and complained about the other employee's misconduct.

10.   The effect of the practices complained of has been to deprive Ms. Nuar of equal employment opportunities and otherwise adversely affect her status as an employee on the bases of sex, female, and retaliation.

11.   The unlawful employment practices complained of above were intentional.

12.   The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Ms. Nuar.

PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the bases of sex and retaliation.

B.   Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.   Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, and prejudgment interest to Ms. Nuar who was adversely affected by the unlawful employment practices described above.

D.   Order Defendant Employer to make whole Ms. Nuar by providing compensation for past and future pecuniary losses in an amount to be determined at trial.

E.    Order the Defendant Employer to make whole Ms. Nuar by providing compensation for non-pecuniary losses, including pain and suffering, emotional distress, and humiliation in an amount to be determined at trial.

F.   Order Defendant Employer to pay Ms. Nuar punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

G.    Order Defendant Employer to make whole Ms. Nuar, who was adversely affected by the unlawful employment practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful employment practices

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

4

I.    Award the Commission its costs in this action.


<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised in this complaint.


Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, Northwest
Washington, DC  20507


Regional Attorney
C.  EMANUEL SMITH (MS Bar No. 7473)

JULIE LEE (DC BAR NO. 433292)
Supervisory Trial Attorney


DEBRA H. CROOK (. ASB-6862-R69D)
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place
1130 22nd Street, South
Birmingham, AL 35205-2886
Tel:  (205) 212-2064

5